18bm 613
112 124

Carter *vs.* Thorn, &c.                                    Case 21.

APPEAL FROM MERCER CIRCUIT.                               ORD. PET.

1. Upon the breach of the condition of a penal bond the penalty becomes, in law, a debt due, and the obligors can discharge themselves from liability on the bond, when the damages resulting from the

breach of the condition exceeds the penalty, by the payment of the penalty alone.

2. But if the damages in such case be not paid on the happening of the breach, it will bear interest until it is paid. (*Hughes vs. Wickliffe*, 11 *B Monroe*, 202.)

3. It is the duty of a guardian to pay to his ward what is due to him on the arrival of the ward to the age of twenty one years. If he fails then to pay, the guardian is bound for interest on the funds in his·hands until paid.

On the 4th of April, 1836, William G. Moore was CASE STATED appointed guardian to Collin T. Carter, and executed bond for the faithful discharge of his duties as guardian, with John Thorn and James Turner his sureties. C. T. Carter arrived at full age on the first day of June, 1852, and on the 17th September following instituted this suit against Thorn and Turner, as the sureties of Moore, the guardian, he having departed this life, claiming that a large balance was due to him from Moore, his guardian. In October, 1853, Carlos Boardman, the administrator *de bonus non* of Moore, filed a petition to be made a party defendant to the suit; with his petition he filed various receipts and other writings, and denied that any thing was due to Carter. He was made a party by consent, and his petition agreed to be treated as an answer to Carter's petition, and the case being referred to an auditor to state the accounts between the parties. In August, 1854, the plaintiff filed an amended petition, surcharging various items in the settlement made by the guardian with the County Court, and denying the validity of the receipts, and says they were obtained unfairly, whilst he was an infant, and ignorant of his rights.

The auditor reported a balance due from Moore, the guardian, to the ward, on the first day of June, 1852, of $3,265 80; both parties excepted to the report. The court sustained the exceptions in part, and affirmed it as to part, and adjudged that there was due to the plaintiff $2,767 65. But that the sureties on the guardian bond could not be held liable for more than $1,000, the penalty of their bond, with

interest from the 25th of April, 1857, the day on which the judgment was rendered. Carter appealed to this court.

*James & John M. Harlan and J. F. Bell,* for appellant.

1. We need not enter into an argument to show that the report of the commissioner, (at least as modified by the final judgment,) is correct, and shows the true amount due from appellant's guardian. No cross appeal has been prayed by appellees, and we do not understand that any doubt is urged here that the sum fixed in the final judgment is actually due to ap pellant.

2. We insist that the court erred in the amount it adjudged against Thorn and Turner, the sureties. It was not large enough; interest should have been given upon the penalty in the bond from the time appellant arrived at his majority.

We are aware that it has been decided by this court, in the case of *Woods vs. Commonwealth for Pennington,* 8 *B. Monroe,* 112, that in an action upon a penal bond against sureties, the "measure of damages" is "the penalty of the bond."

We admit the correctness of this principle as a general rule, but we do not understand that the court, in that case, intended to say that in such an action the principal, *interest, and costs,* when all added together could not exceed "the *penalty* of the bond." Whether *interest* could be given upon the penalty was not decided in that case, and was not up for decision. We have examined the record and the briefs in that case, and we cannot find that that question was made. So far as our researches have extended, we do not think that that question has ever been directly decided by this court. It is true that in the case in 8 *B. Monroe,* the judgment of the court below was reversed, with directions to grant a new trial, unless the plaintiff would release so much of the judgment as exceeded the penalty of the bond, "with *interest upon that amount from its rendition.*"

But if that expression in the mandate is to be regarded as a decision, we insist that it has been overruled by the case of *Hughes vs. Wickliffe*, 11 *B. Mon.* 202.

That was an action against the sureties in an injunction bond, the penalty of which was $800. A judgment was rendered against them for $1,317 65. The case was reversed by this court, it being of opinion that sureties were not liable beyond the penalty of their bond, "*with interest from the time of the dissolution of the injunction*, THAT BEING THE TIME WHEN A BREACH OF THE CONTRACT *occurred*."

In the language of this court, which we have italicised, is, in our opinion, to be found the true principle which is to govern in determining the time from which interest is to be computed upon the penalty of the bond. What is the time *when a breach of the contract occurred*, is the only key in making the calculation of interest. In accordance with this position, is the case of the *United States vs. Arnold, Gallison's Reports*, 340, (cited in *Hughes vs. Wickliffe, supra*,) where the court said: "We cannot go beyond the penalty of the bond and *interest thereon from the time it became due* BY A BREACH."

Now when did a *breach* in the bond of appellees occur? It was at the time appellant arrived at age, which was first June, 1852. It is charged in the petition that appellant became of age at that time, and it is not denied in the answer.

We suppose it will not be controverted that Moore ceased to be guardian of appellant when he arrived at age. Appellant at that time was entitled to receive whatever was due him from his guardian, and the guardian was bound, at that time, to pay it over to him. This court, in *Silver's administrator vs. Hedges*, 3 *Dana*, 439, decided that a guardian could not maintain a bill to recover the estate of his wards *after they are of age*. Why can he not do so? Because, when they arrived at age, he ceased to have any control over their property; had no more to do

with their property than any other person. We need quote no authority to prove this position.

The laws in existence previous to the Revised Statutes, as well as the law now in force, make it the clear duty of the guardian, upon the arrival of his ward at his majority, to deliver his property over to him. "*At the expiration of his trust, he shall deliver 'and pay to those entitled thereto, all the estate and money 'in his hands as guardian, or with which he is chargeable 'as such.*" (*Rev. Statutes, title, Guardian and Ward, page* 376.)

Whatever the guardian is required by law to do, his surety undertakes that he will do. Upon the guardian's default, the surety is liable. In the bond executed by appellees they undertook that their principal " shall diligently and faithfully collect and account for and PAY TO SAID ORPHAN *all the estate which he now has or may hereafter be entitled to.*"

If we are correct in the position, that the appellant was entitled to all the estate and moneys when he arrived at his majority, does it not necessarily follow that upon the failure of the guardian to deliver and pay to him his estate and money, that a *breach* of the guardian's bond occurred, and that the sureties were from that time liable for the penalty of the bond.

The court below gave interest against the sureties only from the rendition of the judgment. What sound reason can be assigned why that time should be fixed from which the interest should run ?

If it be true that a surety is in no event to be made to pay more than the penalty of his bond, by what authority did the court add to the penalty the interest which would arise after the rendition of the judgment? The judgment was simply a means to *enforce* what had been *due for years*. The court below have virtually said that appellant was entitled to $2,767 65, *when he arrived at age*, and when the trust of his guardian expired. What sound principle is there violated, when it is determined that appellant

is entitled to interest upon what he is entitled to from the time he *was entitled to it?*

To so determine would not violate the principle settled in 8 *B. Monroe*, 112, and would not impose upon appellees any obligation inconsistent with their bond.

To the extent indicated, we respectfully ask a reversal.

*M. C. Johnson*, for appellees—

The only question I propose to discuss, is whether the judgment against Thorn and Turner, the sureties of Moore, the guardian, is for the proper amount.

As against the sureties the recovery is limited to the penalty of the bond. (8 *B. Monroe*, 112.) In the subsequent case of *Hughes vs. Wickliffe and Nourse*, 11 *B. Monroe*, which was a case upon an injunction bond, this court decided that the recovery against the sureties could not exceed the penalty of the bond and interest thereon from the dissolution of the injunction, when the right of action thereon accrued. That case is decisive of this, except that of interest on the penalty from the time the plaintiff, Carter, arrived at full age. I presume that is the only point on which the appeal was taken.

The case of *Elkin & Perry vs. Moore*, 6 *B. Monroe*, 462, is a direct authority against allowing interest on guardian's bonds before judgment. The case of *Hughes vs. Wickliffe & Nourse, supra*, should not be regarded as an authority in a suit on a guardian's bond. In the case of an injunction bond it is the duty of the surety to discharge his liability forthwith, upon the dissolution of the injunction, the extent of his liability is all to be found on the record. In the case of sureties for guardians they do not know the amount which is due from the guardian to the ward; a settlement is to be made and the true amount ascertained. In this case there were peculiar circumstances which prevented the sureties from knowing what was due to the ward. The guardian was dead;

he had made a settlement with the ward, and paid all that was due except a sum certain, which was afterwards paid, but these payments were avoided by the plea of infancy, as Moore died before the ward came of age. After suit brought the plaintiff procrastinated the trial by his inattention to its preparation for several years; the sureties should not pay interest while the suit was thus delayed. The sureties caused no delay; they answered the plaintiff's petition promptly, and threw no obstructions in the way of a speedy adjustment of the accounts.

CARTER
vs.
THORN, &c.

Judge SIMPSON delivered the opinion of the court.

Dec. 31, 1857.

The only question that we will consider in this case, is the extent of the liability of the sureties in a guardian's bond, executed in the year 1836. The penalty of the bond is one thousand dollars, and the sum due by the guardian to his ward when he arrived at the age of twenty-one exceeded, very considerably, the amount of the penalty.

In the case of *Woods vs. Commonwealth for Pennington*, (8 *B. Monroe*, 112,) it was decided, that in an action upon a penal bond against sureties, the recovery was limited to the penalty of the bond.

In the subsequent case of *Hughes vs. Wickliffe*, (11 *B. Monroe*, 202,) on a review of all the authorities upon the question, the previous decision was approved, but interest on the penalty was allowed from the time that a breach of the condition of the bond had occurred.

Upon a breach of the condition of a penal bond, the penalty becomes, in law, a debt due, and the obligors can discharge themselves from all liability upon the bond, where the damages resulting from the breach of the condition exceeded the penalty, by the payment of the penalty alone.

Inasmuch, however, as the penalty is due so soon as the condition is broken, it carries interest as a matter of law, from that time until it is paid, and where, as in this case, the actual damages resulting

1. Upon the breach of the condition of a penal bond the penalty becomes in law a debt due, and the obligors can discharge themselves from liability on the bond, when the damages resulting from the breach of the condition ex-

from the breach of the condition, exceed the penalty with the interest from the time of the breach, the sureties in the bond should be required to pay interest upon the penalty from that time.

It was the duty of the guardian to pay to his ward the money in his hands, when the latter attained the age of twenty-one. His failure to do it was a breach of the condition of his bond, and subjected his sureties to liability to the extent of its penalty. And as the guardian was liable for interest on the money in his hands, until it was paid, so the sureties were liable for interest on the penalty of the bond until they discharged themselves from all liability by its payment.

The ward attained the age of twenty-one on the first of June, 1852. The payment of one thousand dollars at that time would have exonerated the sureties from all liability on the bond. Having failed to pay it, they are liable for interest upon it from the time it became due, and ought to have been paid.

Wherefore, the judgment is reversed, and cause remanded with directions to render a judgment against the sureties for one thousand dollars, with interest thereon from the first of June, 1852, until paid, and to dismiss the plaintiff's petition without prejudice, so far as it seeks *relief* against the defendant, C. Boardman, he having been appointed administrator on the estate of the guardian in the State of Missouri.